■ JEANETTE QUINTANILLA et al., Appellants, v JOHN MAURO's LAWN SERVICE, INC., Respondent. [912 NYS2d 415]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk

County (Gazzillo, J.), dated September 14, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant created or exacerbated the icy condition that allegedly caused the plaintiff Jeanette Quintanilla to fall (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Arriola v A&W Landscaping of Long Is.*, 68 AD3d 484, 484-485 [2009]; *Peters v United Ref. Co. of Pa.*, 57 AD3d 1512, 1512-1513 [2008]; *cf. Elsey v Clark Trading Corp.*, 57 AD3d 1330 [2008]; *Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 667-668 [2007]). By merely plowing the snow, days before Jeanette Quintanilla's fall, in accordance with the defendant's contract with the nonparty State of New York, the defendant cannot be said to have created or exacerbated a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 142; *Arriola v A&W Landscaping of Long Is.*, 68 AD3d at 485). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.