■ ERNEST KNOX, Appellant, v SODEXHO AMERICA, LLC, et al., Defendants, and TERMICIDE, LTD., Respondent. [939 NYS2d 557]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated March 5, 2010, as granted that branch of the motion of the defendant Termicide, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Termicide, Ltd.

As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties (see *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1103 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]). However, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002]), the Court of Appeals recognized that exceptions to this rule apply: (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced another party's duty to maintain the premises safely.

Contrary to the plaintiff's contention, the defendant Termicide, Ltd. (hereinafter Termicide), made a prima facie showing of its entitlement to judgment as a matter of law by offering proof that the plaintiff was not a party to its snow removal contract, and that it, thus, owed him no duty of care (see *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901 [2011]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d at 1103; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Since the plaintiff did not allege facts in his complaint or bill of particulars which would establish the possible applicability of any of the *Espinal* exceptions, Termicide, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply (see *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 901; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). In opposition to Termicide's prima facie showing, the plaintiff offered no evidence to support his conten-

tion that Termicide launched a force or instrument of harm by creating or exacerbating the icy condition that allegedly caused him to fall (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 902; *Quintanilla v John Mauro's Lawn Serv., Inc.*, 79 AD3d 838, 839 [2010]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413-414 [2007]).

Accordingly, the Supreme Court properly granted that branch of Termicide's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.