▬ ERNEST RUDLOFF et al., Appellants, v WOODLAND POND CONDOMINIUM ASSOCIATION et al., Respondents. [971 NYS2d 170]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated January 25, 2012, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiffs' cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with one bill of costs.

As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties (*see Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1103 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]). However, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002]), the Court of Appeals recognized that exceptions to this rule apply (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced another party's duty to maintain the premises safely.

Contrary to the plaintiffs' contentions, the defendant Lemp Landscapers, Inc. (hereinafter Lemp), made a prima facie showing of its entitlement to judgment as a matter of law by offering

proof that the injured plaintiff was not a party to its snow removal contract with the defendant Woodland Pond Condominium Association (hereinafter Woodland), and that it thus owed no duty of care to the injured plaintiff (*see Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901 [2011]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d at 1103; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Since the plaintiffs did not allege facts in their complaint or bill of particulars which would establish the possible applicability of any of the *Espinal* exceptions, Lemp, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply (*see Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]).

In opposition to Lemp's prima facie showing, the plaintiffs offered no evidence to support their contentions that Lemp launched a force or instrument of harm by creating or exacerbating the icy condition that allegedly caused the plaintiff Ernest Rudloff's fall (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Knox v Sodexho Am., LLC*, 93 AD3d at 642-643; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 902; *Quintanilla v John Mauro's Lawn Serv., Inc.*, 79 AD3d 838, 839 [2010]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413-414 [2007]). By merely plowing the snow in accordance with the contract and leaving some residual snow or ice on the plowed area, Lemp cannot be said to have created a dangerous condition and thereby launched a force or instrument of harm. Moreover, a claim that a contractor exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than he or she found them (*see Foster v Herbert Slepoy Corp.*, 76 AD3d at 215). Therefore, even if Lemp failed to sand or salt the roadway on which the injured plaintiff fell, the plaintiffs have offered nothing more than speculation that the failure to perform that duty rendered the property less safe than it was before Lemp started its work (*see Church v Callanan Indus.*, 99 NY2d at 112; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215).

Similarly, in opposition to Lemp's prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the subject snow removal contract was a comprehensive and exclusive agreement which entirely displaced the owner's duty to maintain the premises in a safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *Linarello v Colin Serv. Sys., Inc.*, 31

AD3d 396, 397 [2006]). Likewise, the plaintiffs' claims that the injured plaintiff detrimentally relied upon Lemp's proper performance of its contractual duties is unavailing, since the injured plaintiff's deposition testimony establishes that he did not detrimentally rely upon any performance by Lemp, but rather, that he relied on his own observations of the condition of the roadway as it existed on the morning of his accident (*see Dorestant v Snow, Inc.*, 274 AD2d 542 [2000]; *Bugiada v Iko*, 274 AD2d 368 [2000]).

Accordingly, the Supreme Court properly granted Lemp's motion for summary judgment dismissing the complaint insofar as asserted against it.

A real property owner, or a party in possession or control of real property, will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (*see Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823 [2009]; *Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439 [2007]; *Nielsen v Metro-North Commuter R.R. Co.*, 30 AD3d 497 [2006]; *Zabbia v Westwood, LLC*, 18 AD3d 542 [2005]). Woodland established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that it did not create or have actual or constructive notice of the snow or ice that allegedly caused the injured plaintiff to fall (*see Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d at 1106; *Robinson v Trade Link Am.*, 39 AD3d 616 [2007]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Connelly v Shop Rite Supermarkets, Inc.*, 38 AD3d 588 [2007]; *Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002]). Accordingly, the Supreme Court properly granted Woodland's motion for summary judgment dismissing the complaint insofar as asserted against it.

For the same reasons, the Supreme Court properly denied the plaintiffs' cross motion for summary judgment on the complaint. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.