■ DIANE JAVID, Appellant, v SCLAFMORE CONSTRUCTION, Respondent. [985 NYS2d 893]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated October 26, 2012, which granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice located in the parking lot of certain premises owned by her employer, Communicar. At the time of the plaintiff's alleged accident, the defendant, Sclafmore Construction, LLC, had a contract with Communicar for snow removal. The plaintiff commenced this action to recover damages for personal injuries. In January 2012, the defendant moved for summary judgment dismissing the complaint. The parties then stipulated that the defendant would withdraw the motion, without prejudice to renew, to allow discovery to proceed. Thereafter, the defendant made a renewed motion for summary judgment dismissing the complaint. The Supreme Court granted that motion.

The Court of Appeals has recognized three situations in which a party such as the defendant may be said to have assumed a duty of care, and thus potentially may be liable in tort to third persons such as the plaintiff: (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced another party's duty to maintain the premises safely (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Folkl v McCarey Landscaping, Inc., 66 AD3d 825, 826 [2009]).

Contrary to the plaintiff's contentions, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to its snow removal contract with Communicar, and, therefore, it owed no duty of care to the plaintiff (see Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 811 [2013]; Knox v Sodexho Am., LLC, 93 AD3d 642, 643 [2012]; Henriquez v Inserra Supermarkets, Inc., 89 AD3d 899, 901 [2011]; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103 [2010]; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]). Since the plaintiff did not allege facts in her complaint

or bill of particulars which would establish the applicability of any of the exceptions set forth in *Espinal*, the defendant, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply (*see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 810; *Knox v Sodexho Am., LLC*, 93 AD3d at 643).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether any of the three situations described in *Espinal* "wherein the party who enters into a contract to render services may be held liable in tort to a third party" applied to the circumstances of this case (*Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d at 1103-1104 [internal quotation marks omitted]). Specifically, the plaintiff offered only speculation and conjecture in support of her contention that the defendant launched a force or instrument of harm by creating or exacerbating the ice patch that allegedly caused the plaintiff's fall (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 811; *Church v Callanan Indus.*, 99 NY2d 104, 112 [2002]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215), or that the subject snow removal contract was a comprehensive and exclusive agreement which displaced Communicar's duty to maintain the premises in a safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 810; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396, 397 [2006]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Eng, P.J., Skelos, Dillon and Duffy, JJ., concur.