■ Angel Diaz, Respondent, v Port Authority of NY & NJ, Respondent, and Cristi Cleaning Service Corp., Appellant, et al., Defendant. [990 NYS2d 882]—

In an action to recover damages for personal injuries, the defendant Cristi Cleaning Service Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered October 10, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Cristi Cleaning Service Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff, who was employed by nonparty Air-Serv Corporation, which provides shuttle bus service for airport employees at LaGuardia Airport, allegedly slipped and fell on black ice on the roadway in a parking lot during the course of his employment. Pursuant to a contract with the defendant Port Authority of NY & NJ (hereinafter the Port Authority), the appellant Cristi Cleaning Service Corp. (hereinafter Cristi) had performed snow removal services on the sidewalk areas at the airport. Cristi moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it had no duty to remove snow from the roadway where the plaintiff's accident occurred. The Supreme Court denied the motion, concluding that Cristi failed to demonstrate, prima facie, that the pile of snow left on the sidewalk did not compel the plaintiff to walk into the roadway where the accident occurred, thereby proximately causing the plaintiff's alleged injuries.

As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties (see *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 810 [2013]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1103 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]). However, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002]), the Court of Appeals recognized that exceptions to this rule apply (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the

continued performance of the contracting party's duties, or (3) where the contracting party has entirely displaced another party's duty to maintain the subject premises safely (*id.*).

Contrary to the Supreme Court's determination, Cristi made a prima facie showing of its entitlement to judgment as a matter of law by offering proof that the plaintiff was not a party to its snow removal contract with the Port Authority, and that it thus owed no duty of care to the plaintiff (*see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 810-811; *Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901 [2011]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d at 1103; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Since the plaintiff did not allege facts in his complaint or bill of particulars which would establish the possible applicability of any of the *Espinal* exceptions, Cristi, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply (*see Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]).

In opposition to Cristi's prima facie showing, the Port Authority and the plaintiff offered no evidence to support their contentions that Cristi launched a force or instrument of harm by creating or exacerbating the icy condition that allegedly caused the plaintiff's fall (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Knox v Sodexho Am., LLC*, 93 AD3d at 642-643; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 902; *Quintanilla v John Mauro's Lawn Serv., Inc.*, 79 AD3d 838, 839 [2010]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413-414 [2007]). Similarly, they failed to raise a triable issue of fact as to whether the subject snow removal contract was a comprehensive and exclusive agreement that entirely displaced the Port Authority's duty to maintain the premises in a safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396, 397 [2006]). Likewise, they failed to raise a triable issue of fact as to whether the plaintiff relied upon Cristi's proper performance of its contractual duties (*see Dorestant v Snow, Inc.*, 274 AD2d 542 [2000]; *Bugiada v Iko*, 274 AD2d 368 [2000]). Accordingly, Cristi's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.