(August 20, 2014)

■ AIDA AYALA et al., Respondents, v JOHNSON CONTROLS, INC., Respondent, and DIEBOLD, INCORPORATED, Appellant. [990 NYS2d 893]—

In an action to recover damages for personal injuries, etc., the defendant Diebold, Incorporated, appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated January 30, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs payable by the plaintiffs-respondents and the defendant-respondent, and the motion of the defendant Diebold, Incorporated, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The injured plaintiff, an employee of the nonparty KeyBank National Association (hereinafter KeyBank), allegedly tripped and fell when a metal ramp separated from the threshold of a door leading to the vault at KeyBank's branch in Haverstraw. She, and her husband suing derivatively, commenced this action against the defendant Johnson Controls, Inc. (hereinafter Johnson), a maintenance services provider, and the defendant Diebold, Incorporated (hereinafter Diebold), which had been retained by KeyBank to repair and maintain certain bank equipment.

Diebold moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, Diebold submitted, among other things, the deposition testimony of one of its employees, who testified that Diebold did not perform any work on the ramp at Key-Bank's branch in Haverstraw, and that he would work on a ramp leading to a vault at a KeyBank location only upon KeyBank's request. The plaintiffs opposed Diebold's motion, submitting, inter alia, excerpts from the deposition testimony of Diebold's employee and a sworn affidavit of the injured plaintiff, in which she averred that she had complained to a maintenance person employed by Johnson about the condition of the ramp. She also stated that no one made repairs to the ramp prior to her accident.

The Supreme Court erred in denying that branch of Diebold's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Diebold established its prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was not a party to its services contract with KeyBank, and that, thus, it owed her no duty of care (*see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 810-811 [2013]; *Petito v City of New York*, 95 AD3d 1095, 1096 [2012]; *Knox v Sodexho Am., LLC*, 93 AD3d 642, 642 [2012]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Diebold launched a force or instrument of harm, whether the injured plaintiff detrimentally relied on the continued performance of Diebold's duties, or whether Diebold entirely displaced KeyBank's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d

136, 138-140 [2002]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 902 [2011]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215).

Moreover, Diebold was entitled to summary judgment dismissing Johnson's cross claims (*see Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1104 [2010]; *cf. Foster v Herbert Slepoy Corp.*, 76 AD3d at 215).

Accordingly, the Supreme Court should have granted Diebold's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.