(June 24, 2015)

JAMES P. ANKIN, Appellant, v MITCHELL SPITZ, Doing Business as THE ORCHARD, et al., Respondents. [12 NYS3d 250]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 14, 2013, as granted that branch of the motion of the defendant Mitchell Spitz, doing business as The Orchard, which was for summary judgment dismissing the complaint insofar as asserted against him, and granted those branches of the respective cross motions of the defendant Daniel Spitz and the defendant Royal Waste Services, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly slipped and fell on a large, flattened cardboard box and blue plastic pouches of chemical ice in the street in front of property owned by the defendant Daniel Spitz (hereinafter Daniel) in Brooklyn. The defendant Mitchell Spitz, doing business as The Orchard (hereinafter Mitchell), operated a produce store on the property, and the defendant Royal Waste Services, Inc. (hereinafter Royal), provided waste removal services for Mitchell.

The Supreme Court properly granted those branches of Mitchell's motion and Daniel's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality, and not on the owner or lessee of abutting property, unless the landowner or lessee has either affirmatively created the dangerous condition, voluntarily but negligently made repairs, caused the condition to occur through a special use, or violated a statute or ordinance expressly imposing liability on the landowner or lessee for a failure to maintain the abutting street (*see Farrell v City of New York*, 67 AD3d 859, 860-861 [2009]; *Smirnova v City of New York*, 64 AD3d 641, 642 [2009]; *Hyland v City of New York*, 32 AD3d 822, 822-823 [2006]).

Here, Mitchell and Daniel, respectively, made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they did not create the alleged dangerous condition, perform any repair work in the street abutting the premises, or make a special use of the street, and that no statute or ordinance conferred liability upon them (*see Smirnova v City of New York*, 64 AD3d at 642; *Hyland v City of New York*, 32 AD3d at 822-823). In opposition, the plaintiff failed to raise a triable issue of fact (*see Farrell v City of New York*, 67 AD3d at 861; *Hyland v City of New York*, 32 AD3d at 823).

Furthermore, the Supreme Court properly granted that branch of Royal's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, in *Espinal v Melville Snow Contrs.* (*id.* at 140), the Court of Appeals recognized that exceptions to this rule apply where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or

where the contracting party has entirely displaced another party's duty to maintain the premises safely (*see Scott v Avalonbay Communities, Inc.*, 125 AD3d 839 [2015]; *Diaz v Port Auth. of NY & NJ*, 120 AD3d 611, 611-612 [2014]).

Here, Royal made a prima facie showing of its entitlement to judgment as a matter of law by offering proof that the plaintiff was not a party to its waste removal contract with Mitchell, and that it thus owed no duty of care to the plaintiff (*see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 810-811 [2013]; *Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]; *Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 65 [2006]). Since the plaintiff did not allege facts in his complaint or bills of particulars which would establish the possible applicability of any of the *Espinal* exceptions, Royal, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply (*see Knox v Sodexho Am., LLC*, 93 AD3d at 642-643). In opposition to Royal's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 810-811; *Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]; *Jackson v Board of Educ. of City of N.Y.*, 30 AD3d at 65).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.