■ Stephanie Bryan, Respondent, v CLK-HP 225 Rabro, LLC, Respondent, and Brickman Group, Ltd., LLC, Appellant. [26 NYS3d 207]—

In an action to recover damages for personal injuries, the defendant Brickman Group Ltd., LLC, appeals from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 31, 2014, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Brickman Group Ltd., LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly sustained personal injuries when she slipped and fell on ice in the parking lot of premises owned by the defendant CLK-HP 225 Rabro, LLC (hereinafter the owner). Thereafter, the plaintiff commenced this action against the owner and the defendant Brickman Group Ltd., LLC (hereinafter Brickman), which provided snow removal services at the premises. The owner asserted cross claims against Brickman seeking contribution, and common-law and contractual indemnification. Brickman moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Supreme Court denied the motion.

A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, there are three exceptions to that general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [internal quotation marks, brackets and citations omitted]; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]).

Brickman made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that the plaintiff was not a party to its snow removal agreement, and that it thus owed her no duty of care (*see Diaz v Port Auth. of NY & NJ*, 120 AD3d 611, 612 [2014]; *Javid v Sclafmore Constr.*, 117 AD3d 907 [2014]). Inasmuch as the plaintiff did not allege facts in the complaint or bill of particulars that would establish the possible applicability of any of the *Espinal* exceptions (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140), Brickman was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (*see Diaz v Port Auth. of NY & NJ*, 120 AD3d at 612; *Javid v Sclafmore Constr.*, 117 AD3d at 907-908).

Once Brickman made its prima facie showing, the burden shifted to the plaintiff to come forward with proof sufficient to raise a triable issue of fact as to the applicability of one or more of the *Espinal* exceptions (*see Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). In opposition to Brickman's prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether Brickman launched a force or instrument of harm, whether she detrimentally relied on the continued performance of Brickman's duties, or whether Brickman entirely displaced the owner's duty to maintain the premises in a safe condition (*see id.* at 214-215; *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396 [2006]). Accordingly, the Supreme Court should have granted that branch of Brickman's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In addition, the Supreme Court should have granted that branch of Brickman's motion which was for summary judgment dismissing the cross claims asserted against it. Brickman

established, prima facie, that it was entitled to judgment as a matter of law dismissing the cross claim seeking common-law indemnification by demonstrating that the owner's liability, if any, would be based on the owner's actual wrong doing and not on vicarious liability for the Brickman's conduct (*see United States Fire Ins. Co. v Raia*, 121 AD3d 970, 972 [2014]). In opposition, the owner failed to raise a triable issue of fact. Furthermore, in opposition to the prima facie showing by Brickman that it was entitled to judgment as a matter of law dismissing the cross claims seeking contribution, the owner failed to demonstrate that Brickman owed a duty of reasonable care to the plaintiff or a duty of reasonable care independent of its contractual obligations to the owner (*see Davis v Catsimatidis*, 129 AD3d 766, 768 [2015]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 216; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]). Finally, in opposition to the prima facie showing by Brickman that it was entitled to judgment as a matter of law dismissing the cross claim seeking contractual indemnification, the owner failed to raise a triable issue of fact as to whether Brickman breached the snow removal contract by failing to perform one or more of the services for which it was retained (*see Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675, 677 [2010]). Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.