■ RACHEL LEIBOVICI, Respondent, v IMPERIAL PARKING MANAGEMENT CORPORATION et al., Appellants. [33 NYS3d 312]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated May 11, 2015, which denied their motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.

The plaintiff allegedly tripped and fell over an uneven condition on the entrance of a parking lot. She commenced this action to recover damages for personal injuries against Imperial Parking Management Corporation (hereinafter Imperial), NYULMC B Parking Corp., and NYU Langone Medical Center B Garage Corp. The defendants moved for summary judgment dismissing the amended complaint, submitting evidence that they did not own or lease the parking lot, and that Imperial managed the parking lot pursuant to a management agreement that it had entered into with nonparty NYU Hospitals Center. The Supreme Court denied the motion. We reverse.

" 'Liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property' " (*Breland v Bayridge Air Rights, Inc.*, 65 AD3d 559, 560 [2009], quoting *Noia v Maselli*, 45 AD3d 746, 746 [2007]; *see Ruffino v New York City Tr. Auth.*, 55 AD3d 819, 820 [2008]). Moreover, " '[a] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, in *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]), the Court of Appeals recognized that exceptions to this rule exist "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [internal quotation marks, brackets and citations omitted]).

Here, the defendants met their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law. The defendants established, prima facie, that they did not own, occupy, control, or make special use of the subject parking lot, and that they did not create the alleged defect (*see Moore v City of Yonkers*, 92 AD3d 738, 739-740 [2012]; *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584-585 [2008]; *Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450, 451 [2004]). The defendants also established, prima facie, that Imperial owed no duty of care to the plaintiff by virtue of the management agreement by establishing that the plaintiff was not a party to the management agreement (*see Rothstein v Elohim*, 133 AD3d 839, 840 [2015]; *Glover v John Tyler Enters., Inc.*, 123 AD3d 882, 882 [2014]; *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 810-811 [2013]). Since the plaintiff did not allege facts in her complaint or bill of particulars which would establish the possible applicability of any of the *Espinal* exceptions, the defendants, in establishing their prima facie entitlement to judgment as a matter of law, were not required to affirmatively demonstrate that these exceptions did not apply (*see Ankin v Spitz*, 129 AD3d 1001, 1003 [2015]; *Diaz v Port Auth. of NY & NJ*, 120 AD3d 611, 612 [2014]; *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 811). In opposition, the plaintiff offered no evidence to support her contention that the defendants launched a force or instrument of harm or her contention that the management agreement entirely displaced the owner's duty to maintain the premises safely. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint. Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.