■ JACQUELINE KOSLOSKY, Respondent, v FRAN G. ROSS-MALMUT et al., Defendants, and AUTO EXCELLENCE AUTO BODY, Appellant. [52 NYS3d 400]—

In an action to recover damages for personal injuries, the defendant Auto Excellence Auto Body appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 13, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Auto Excellence Auto Body for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly was injured in an automobile collision and subsequently commenced this action against, among others, the defendant Auto Excellence Auto Body (hereinafter Auto Excellence). The vehicle the plaintiff was driving at the time of the collision was owned by the defendant Patsy Saccente. Ap-

proximately five months prior to the subject accident, Auto Excellence had repaired the vehicle. The complaint alleged that Auto Excellence was negligent in repairing or failing to repair the subject vehicle. Auto Excellence moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and Auto Excellence appeals.

A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (*see Landon v Kroll Lab. Specialists, Inc.*, 22 NY3d 1, 6 [2013]; *Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, in *Espinal v Melville Snow Contrs.* (98 NY2d at 140), the Court of Appeals recognized that exceptions to this rule apply (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced another party's duty, in *Espinal*, to maintain the premises safely.

Here, Auto Excellence made a prima facie showing of its entitlement to judgment as a matter of law by offering proof that the plaintiff was not a party to the repair contract and, thus, Auto Excellence owed her no duty of care (*see Bono v Halben's Tire City, Inc.*, 84 AD3d 1137, 1139 [2011]; *see also Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 811 [2013]; *Knox v Sodexho Am., LLC*, 93 AD3d 642, 642 [2012]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901 [2011]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1104 [2010]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Contrary to the plaintiff's contention, since the pleadings did not allege facts which would establish the applicability of any of the *Espinal* exceptions, Auto Excellence was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (*see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 811; *Knox v Sodexho Am., LLC*, 93 AD3d at 642; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 901; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d at 1104; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214).

In opposition to Auto Excellence's prima facie showing, the plaintiff offered no evidence to support her contention, in effect, that Auto Excellence had entirely displaced Saccente's duty to maintain the vehicle in a safe condition (*see generally Espinal v Melville Snow Contrs.* 98 NY2d at 140).

The plaintiff's contentions that the other two *Espinal* exceptions apply were not raised before the Supreme Court and, thus, are not properly before this Court.

Accordingly, the Supreme Court should have granted Auto Excellence's motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.