Reisert v Mayne Constr. of Long Is., Inc. (2018 NY Slip Op 06777)





Reisert v Mayne Constr. of Long Is., Inc.


2018 NY Slip Op 06777


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-10888
 (Index No. 70288/14)

[*1]Cynthia M. Reisert, et al., respondents, 
v
Mayne Construction of Long Island, Inc., defendant, O & M Maintenance of Long Island, Inc., appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant O & M Maintenance of Long Island, Inc., appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 5, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant O & M Maintenance of Long Island, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
On February 8, 2014, the plaintiff Cynthia M. Reisert (hereinafter the injured plaintiff) allegedly slipped and fell on snow and ice in the parking lot of her employer in Suffolk County. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant O & M Maintenance of Long Island, Inc. (hereinafter O & M), and another defendant. At the time of the accident, O & M had been retained by the injured plaintiff's employer to plow the parking lot where the accident occurred. O & M moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it owed no duty of care to the injured plaintiff. The Supreme Court denied the motion, and O & M appeals.
"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [internal quotation marks and citations omitted]).
Here, O & M made a prima facie showing of its entitlement to judgment as a matter [*2]of law by submitting evidence that the injured plaintiff was not a party to its snow removal contract and, thus, O & M owed her no duty of care (see Kolosky v Malmut, 149 AD3d 925, 926; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956; Ankin v Spitz, 129 AD3d 1001, 1003; Javid v Sclafmore Constr., 117 AD3d 907, 907-908; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Since the pleadings did not allege facts which would establish the applicability of any of the Espinal exceptions, O & M was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Kolosky v Malmut, 149 AD3d at 926; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d at 910; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d at 956; Ankin v Spitz, 129 AD3d at 1003; Javid v Sclafmore Constr., 117 AD3d at 907-908; Foster v Herbert Slepoy Corp., 76 AD3d at 214).
In opposition to O & M's prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether O & M "created or exacerbated a dangerous condition" (Espinal v Melville Snow Contrs., 98 NY2d at 142). "A snow removal contractor cannot be held liable for personal injuries on the ground that the snow removal contractor's passive omissions constituted the launch of a force or instrument of harm, where there is no evidence that the passive conduct created or exacerbated a dangerous condition'" (Somekh v Valley Natl. Bank, 151 AD3d 783, 786, quoting Santos v Deanco Servs., Inc., 142 AD3d 137, 138; Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811).
Accordingly, the Supreme Court should have granted O & M's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court