Bronstein v Benderson Dev. Co., LLC (2018 NY Slip Op 08625)





Bronstein v Benderson Dev. Co., LLC


2018 NY Slip Op 08625


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-07378
 (Index No. 2049/14)

[*1]Natalie Bronstein, appellant, 
v
Benderson Development Company, LLC, et al., respondents.


Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Marc D. Orloff, P.C., Goshen, NY (Dennis J. Mahoney III of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (James T. Rooney, J.), dated April 26, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Benderson Development Company, LLC, and Fitzgerald Family, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On the morning of January 15, 2014, the plaintiff allegedly slipped and fell on ice in the parking lot of a strip mall in Patterson. The plaintiff commenced this action to recover damages for personal injuries against the defendant Benderson Development Company, LLC (hereinafter Benderson), which managed the premises, the defendant Fitzgerald Family, LLC, (hereinafter Fitzgerald), one of the owners of the premises, and the defendant Amaxx Cameon Landscaping, Inc. (hereinafter Amaxx), which provided snow/ice removal services at the premises. The defendants moved for summary judgment dismissing the complaint. With respect to Benderson and Fitzgerald, the defendants argued those defendants neither created the alleged ice condition that caused the plaintiff to fall nor had notice of it. With respect to Amaxx, the defendants argued that Amaxx did not owe the plaintiff a duty of care by virtue of its limited snow/ice removal contract with Benderson. The Supreme Court granted the motion, and the plaintiff appeals.
"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., [*2]98 NY2d 136, 140 [internal quotation marks and citations omitted]).
Here, the defendants established, prima facie, that Amaxx did not owe the plaintiff a duty of care by offering proof that the plaintiff was not a party to the snow/ice removal contract between Amaxx and Benderson (see Koslosky v Malmut, 149 AD3d 925, 926; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956; Ankin v Spitz, 129 AD3d 1001, 1003; Javid v Sclafmore Constr., 117 AD3d 907, 907-908; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Contrary to the plaintiff's contention, since the pleadings did not allege facts which would establish the applicability of any of the Espinal exceptions, the defendants were not required to affirmatively demonstrate that these exceptions did not apply in order to establish their prima facie entitlement to judgment as a matter of law with respect to Amaxx (see Koslosky v Malmut, 149 AD3d at 926; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d at 910; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d at 956; Ankin v Spitz, 129 AD3d at 1003; Javid v Sclafmore Constr., 117 AD3d at 907-908; Foster v Herbert Slepoy Corp., 76 AD3d at 214).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether Amaxx launched a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d at 142). "A snow removal contractor cannot be held liable for personal injuries on the ground that the snow removal contractor's passive omissions constituted the launch of a force or instrument of harm, where there is no evidence that the passive conduct created or exacerbated a dangerous condition'" (Somekh v Valley Natl. Bank, 151 AD3d 783, 786, quoting Santos v Deanco Servs., Inc., 142 AD3d 137, 138; see Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811).
The defendants, however, failed to establish, prima facie, that Benderson and Fitzgerald did not have constructive notice of the alleged ice condition that allegedly caused the plaintiff to fall. A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746; Castillo v Silvercrest, 134 AD3d 977; Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; Mignogna v 7-Eleven, Inc., 76 AD3d 1054). This burden cannot be satisfied merely by pointing out gaps in the plaintiff's case, as the defendants did here (see Plotits v Houaphing D. Chaou, LLC, 81 AD3d 620, 621; Martinez v Khaimov, 74 AD3d 1031, 1033; Baines v G & D Ventures, Inc., 64 AD3d 528, 529; see also Musso v Macray Movers, Inc., 33 AD3d 594, 595). The defendants failed to show what the accident site actually looked like within a reasonable time after the cessation of the prior snowstorm and what the accident site actually looked like within a reasonable time prior to the incident. The defendants also failed to submit any meteorological data to show that the alleged ice condition that caused the plaintiff to fall was not the product of a prior storm.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Benderson and Fitzgerald, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). However, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Amaxx.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court