Beck v City of Niagara Falls (2022 NY Slip Op 00563)





Beck v City of Niagara Falls


2022 NY Slip Op 00563


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


775 CA 20-01593

[*1]DANIEL J. BECK AND DEBRA BECK, PLAINTIFFS-RESPONDENTS,
v
CITY OF NIAGARA FALLS, ET AL., DEFENDANTS, AND PATRIOT FIELD SERVICES, INC., DEFENDANT-APPELLANT. 






SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (BRANDON R. KING OF COUNSEL), FOR DEFENDANT-APPELLANT.
FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 6, 2020. The order denied the motion of defendant Patriot Field Services, Inc. seeking summary judgment dismissing the complaint and all cross claims against it. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendant Patriot Field Services, Inc. are dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries Daniel J. Beck (plaintiff) sustained when a steel beam fell on his foot. Plaintiff alleged that the beam fell when the forklift being used to transport it struck a defect in the surface of Simmons Avenue. Patriot Field Services, Inc. (defendant), leased part of a building abutting Simmons Avenue near the location of the accident.
Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the complaint and cross claims against it. We agree. "Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality, and not on the owner or lessee of abutting property, unless the landowner or lessee has either affirmatively created the dangerous condition, voluntarily but negligently made repairs, caused the condition to occur through a special use, or violated a statute or ordinance expressly imposing liability on the landowner or lessee for a failure to maintain the abutting street" (Ankin v Spitz, 129 AD3d 1001, 1002 [2d Dept 2015]; see Capretto v City of Buffalo, 124 AD3d 1304, 1306 [4th Dept 2015]). Defendant met its initial burden on the motion by establishing, as relevant here, that "[it] neither owned nor made special use of [Simmons Avenue], and that [it] had no connection to the condition" that caused the accident (Belvedere v AFC Constr. Corp., 21 AD3d 390, 391 [2d Dept 2005]; see Ankin, 129 AD3d at 1002). In response, plaintiffs failed to raise a triable issue of fact.
All concur except Lindley and Bannister, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm the order denying the motion of Patriot Field Services, Inc. (defendant) for summary judgment dismissing the complaint and all cross claims against it. In our view, defendant failed to establish as a matter of law that it did not make special use of Simmons Avenue or affirmatively create the defective condition on Simmons Avenue that allegedly caused plaintiff's injuries.
In support of its motion, defendant submitted, inter alia, the deposition testimony of the [*2]owner of the property abutting Simmons Avenue, who leased the premises to defendant and others. The property owner testified that defendant would store equipment and metal on Simmons Avenue and that the metal and equipment would block the road. Later in his deposition, however, the property owner testified that he was not aware of the corporate relationship between defendant and another tenant and thus did not know for certain that it was defendant who had stored the equipment and materials on Simmons Avenue. In our view, the inconsistency in the property owner's testimony simply "present[s a] credibility issue[] that must be resolved at trial" (Hale v Meadowood Farms of Cazenovia, LLC, 104 AD3d 1330, 1332 [4th Dept 2013]; see generally Poreda v Krofssik, 59 AD3d 1005, 1005-1006 [4th Dept 2009]). Defendant also offered the deposition testimony of the streets foreman of the Niagara Falls Public Works Department, who testified that the use of Simmons Avenue was limited to the companies surrounding it, that he never observed members of the public on that street, and that, although the City of Niagara Falls did not pave Simmons Avenue, he observed it paved and fenced. The streets foreman further indicated that an entity's act of blocking a road was consistent with that entity exercising control over it. We conclude that defendant's own submissions thus raised a triable issue of fact whether defendant made special use of Simmons Avenue by storing equipment and materials on it (see Gibbs v Husain, 184 AD3d 809, 810 [2d Dept 2020]).
With regard to the creation of the defects in Simmons Avenue, defendant submitted the deposition testimony of the streets foreman, who opined that movement on Simmons Avenue, such as the moving and storage of metal, steel, and machinery, could cause depressions and potholes in the roadway. In our view, that testimony, read in conjunction with the testimony of the property owner and the other testimony of the streets foreman, does not eliminate triable issues of fact whether defendant's use of Simmons Avenue created the defect that caused plaintiff's injury (see Capretto v City of Buffalo, 124 AD3d 1304, 1307 [4th Dept 2015]).
Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised triable issues of fact with respect to defendant's special use of Simmons Avenue and whether that use created the defective condition that caused plaintiff's injury. Plaintiff submitted an affidavit of the property owner, which predated his deposition, in which he averred that, on the date of plaintiff's injury, he was the owner of the relevant property, a portion of which he leased to defendant "for the purpose of fabricating metal and steel products." He further stated his belief that defendant and other entities would often use portions of Simmons Avenue for their own purposes, using heavy equipment to move pipes, I-beams, and various pieces of steel and other building materials, which were stored on Simmons Avenue without his knowledge or consent. In our view, a trial is required to resolve the inconsistencies between the property owner's affidavit and his deposition testimony. Plaintiff also offered the affidavit of an expert civil engineer who noted that the surface of Simmons Avenue was irregular, with undulations and pitted areas, indicating that no significant improvements had been made to the road surface over the years and that Simmons Avenue was in an unsafe condition. He opined that operating and storing heavy vehicles and machinery on Simmons Avenue over time contributed to the degradation of the road surface.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court