Brito-Hernandez v Superior Contr. (2024 NY Slip Op 06619)

Brito-Hernandez v Superior Contr.

2024 NY Slip Op 06619

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-11434
 (Index No. 605357/21)

[*1]Annabel Brito-Hernandez, respondent,
v
Superior Contracting, et al., appellants.

Pierce & Salvato, PLLC, White Plains, NY (Matthew D. Pfalzer of counsel), for appellants.
David N. Sloan, Jericho, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered November 15, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
In December 2020, the plaintiff allegedly was injured when she slipped and fell on ice in one of the parking lots at her place of employment, a nursing home. The defendant Superior Contracting had contracted to remove snow from the parking lots from November 1, 2020, through April 1, 2021. In April 2021, the plaintiff commenced this action to recover damages for personal injuries against Superior Contracting. The complaint was subsequently amended to add 6239, Inc., doing business as Superior Contracting, as a defendant.
The defendants moved for summary judgment dismissing the complaint. The defendants contended that they did not owe the plaintiff a duty of care because she was a third-party to the snow removal contract. The defendants further contended that the plaintiff could not establish that their actions in clearing snow and ice from the parking lot were the proximate cause of her injuries without engaging in speculation. By order entered November 15, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
"'As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties'" (Cayetano v Port Auth. of N.Y. & N.J., 165 AD3d 1223, 1223, quoting Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [citations and internal quotation marks omitted]).
A defendant may make "a prima facie showing of its entitlement to judgment as a matter of law by offering proof that the injured plaintiff was not a party to its snow removal contract [*2]. . . and that it thus owed no duty of care to the injured plaintiff" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 810-811). "Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law" (Walsh v Steel O-III, LLC, 230 AD3d 536, 537).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the plaintiff was not a party to the snow removal contract (see Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 810-811). Since the plaintiff did not allege facts in the pleadings that would establish the possible applicability of any of the Espinal exceptions, the defendants were not required to affirmatively demonstrate that these exceptions did not apply to establish their prima facie entitlement to judgment as a matter of law (see Walsh v Steel O-III, LLC, 230 AD3d at 538).
In opposition, the plaintiff failed to raise a triable issue of fact based on any of the Espinal exceptions. The plaintiff failed to raise a triable issue of fact as to whether the defendants launched a force or instrument of harm. The affidavit of a former coworker that the plaintiff relied upon was insufficient because it only addressed the general conditions of the parking lot and not the cause of the specific ice on which the plaintiff allegedly was injured (see Schaum v City of New York, 216 AD3d 691, 693; Castro v Maple Run Condominium Assn., 41 AD3d 412, 412-414). The plaintiff also failed to raise a triable issue of fact as to whether the defendants entirely displaced the nursing home's duty to maintain the parking lots. The affidavit of the former assistant to the head administrator of the nursing home that the plaintiff submitted failed to address the language in the snow removal contract that provided that the nursing home retained some duties and responsibilities to maintain the parking lots (see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court