█ JEAN HUTTIE, Respondent, v CENTRAL PARKING CORP., Appellant. [835 NYS2d 701]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered June 23, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she tripped and fell on a walkway inside a parking garage at the State University Medical Center at Stony Brook. At the time, there was a blackout in virtually the entire East Coast and the garage lacked any lighting, including emergency lighting. The plaintiff allegedly tripped on a piece of concrete left on the walkway from construction work as she was feeling her way down a wall in an attempt to get close enough to her car to activate the car lights with the remote entry device on her key ring. The plaintiff commenced this action to recover damages for personal injuries against the defendant, which had a contract with the State University of New York at Stony Brook (hereinafter SUNY) to operate the parking garage. The defendant moved for summary judgment dismissing the complaint. The defendant argued, inter alia, that its limited contract with SUNY did not subject it to tort liability in favor of the plaintiff. The Supreme Court denied the motion. We reverse.

In opposition to the defendant's prima facie showing of its entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]; Gershman v Habib, 37 AD3d 530 [2007]). In general, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Church v Callanan Indus., 99 NY2d 104 [2002]; Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). However, under some circumstances, a party who enters into a contract thereby assumes a duty of care to certain persons outside the contract (see Church v Callanan Indus., supra; Espinal v Melville Snow Contrs., supra). There are three circumstances under which a party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort to

third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, "launch[es] a force or instrument of harm;" (2) where the plaintiff detrimentally relies upon the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Church v Callanan Indus., supra* at 111-112; *Espinal v Melville Snow Contrs., supra* at 140). Here, the plaintiff argues that she detrimentally relied upon the defendant's continued performance of its contractual obligations to SUNY concerning, inter alia, lighting in the garage. However, the record demonstrates, prima facie, the absence of such reliance. The plaintiff admittedly entered into and attempted to traverse the garage knowing that it was "pitch[ ] black" from the lack of any lighting, including emergency lighting (*see Church v Callanan Indus., supra; Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220 [1990]; *DeMartino v Home Depot U.S.A., Inc.,* 37 AD3d 758 [2007]). Otherwise, the plaintiff did not allege facts that would bring this case within any other exception to the general rule, and none are apparent from the record (*see Church v Callanan Indus., supra; Espinal v Melville Snow Contrs., supra; Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579 [1994]; *Moch Co. v Rensselaer Water Co.,* 247 NY 160 [1928]; *Roveccio v Ry Mgt. Co., Inc.,* 29 AD3d 562 [2006]). Consequently, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.