■ TERRY LUBELL, Appellant, v STONEGATE AT ARDSLEY HOME OWNERS ASSOCIATION, INC., et al., Appellants, and WESTCHESTER HILLS LANDSCAPING, INC., Respondent. [915 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered December 17, 2009, as granted that branch of the motion of the defendant Westchester Hills Landscaping, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Stonegate at Ardsley Home Owners Association, Inc., and Quantum Property Management, Ltd., separately appeal, as limited by their brief, from so much of the same order as granted the motion of the defendant Westchester Hills Landscaping, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied their cross motion to convert their cross claims into a third-party action.

Ordered that the appeal by the defendants Stonegate at Ardsley Home Owners Association, Inc., and Quantum Property Management, Ltd., from so much of the order as granted that branch of the motion of the defendant Westchester Hills

Landscaping, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as those defendants are not aggrieved by the portion of the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and insofar as reviewed on the appeal by the defendants Stonegate at Ardsley Home Owners Association, Inc., and Quantum Property Management, Ltd.; and it is further,

Ordered that one bill of costs is awarded to the defendant Westchester Hills Landscaping, Inc., payable by the plaintiff and the defendants Ardsley Home Owners Association, Inc., and Quantum Property Management, Ltd., appealing separately and filing separate briefs.

On or about March 18, 2007, the plaintiff allegedly slipped and fell on black ice in the street in her condominium complex in Ardsley. The plaintiff commenced this action against the defendant Stonegate at Ardsley Home Owners Association, Inc. (hereinafter Stonegate), its managing agent, the defendant Quantum Property Management, Ltd. (hereinafter Quantum), and the defendant Westchester Hills Landscaping, Inc. (hereinafter WHL), which performed snow removal at the premises. The plaintiff alleged, among other things, that the black ice which caused her fall resulted from the melting and refreezing of snow that had been plowed into a pile on a nearby lawn two days prior to her accident. Stonegate and Quantum joined issue and asserted cross claims against WHL for common-law and contractual indemnification and contribution. WHL moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiff opposed the motion, as did Stonegate and Quantum. Stonegate and Quantum also cross-moved to convert their cross claims asserted against WHL into a third-party action in the event that WHL's motion was granted. The Supreme Court granted WHL's motion in its entirety and denied the cross motion. We affirm.

"A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties" (*Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]). "Generally, a contractual obligation standing alone will not give rise to tort liability in favor of a third party" (*Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313 [2010]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). "However, the Court of Appeals has identified three situations wherein the party who enters into a contract to render services may be held liable in

tort to a third party: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Schwint v Bank St. Commons, LLC*, 74 AD3d at 1313 [internal quotation marks omitted]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 140).

Here, the Supreme Court properly granted that branch of WHL's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In light of the allegations set forth in the pleadings, WHL established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to its snow-removal agreement, and, therefore, it owed no duty to the plaintiff (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether any of the three situations described in *Espinal* "wherein the party who enters into a contract to render services may be held liable in tort to a third party" applied to the circumstances of this case (*Schwint v Bank St. Commons, LLC*, 74 AD3d at 1313; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 141).

Since there was no evidence that WHL "either owed a duty of reasonable care to the plaintiff or a duty of reasonable care independent of [its] contractual obligations to" Stonegate and/or Quantum, the Supreme Court properly granted that branch of WHL's motion which was for summary judgment dismissing so much of the first and second cross claims as sought contribution from WHL (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 216; *see Wheaton v East End Commons Assoc., LLC*, 50 AD3d at 678). Furthermore, since there was no evidence that WHL agreed to indemnify the owners, the Supreme Court properly granted that branch of WHL's motion which was for summary judgment dismissing so much of the second cross claim as sought contractual indemnification (*see Foster v Herbert Slepoy Corp.*, 76 AD3d at 216). Finally, because there are no triable issues of fact with respect to negligence on the part of WHL, the Supreme Court properly granted that branch of WHL's motion which was for summary judgment dismissing so much of the first cross claim as asserted a claim for common-law indemnification (*cf. Kelly v City of New York*, 32 AD3d 901, 902 [2006]).

Stonegate and Quantum's contentions concerning their cross motion have been rendered academic in light of our determination. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.