■ LORI EDWARDS, Appellant, v MANTIS, LLC, Respondent. [964 NYS2d 235]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 13, 2011, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court dated June 30, 2011, as denied that branch of her motion which was for leave to renew and, upon reargument, adhered to its original determination in the order dated January 13, 2011.

Ordered that the appeal from the order dated January 13, 2011, is dismissed, as that order was superseded by so much of the order dated June 30, 2011, as was made upon reargument; and it is further,

Ordered that the order dated June 30, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff alleged that she slipped on a patch of black ice in the defendant's parking lot and sustained injuries. A property owner will be held liable under such circumstances only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (*see Kaplan v DePetro*, 51 AD3d 730, 731 [2008]; *Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall. The plaintiff failed to raise a triable issue of fact in opposition (*see Mayo v Cedar Manor Mut. Hous. Corp.*, 96 AD3d 913 [2012]; *Pierson v North Colonie Cent. School Dist.*, 74 AD3d 1652, 1655 [2010]; *Kaplan v DePetro*, 51 AD3d at 731). Her contentions that water runoff from an improperly placed downspout or melting snow piles played a role in her accident are speculative and contradicted by the record (*see Kaplan v DePetro*, 51 AD3d at 731; *Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439, 441-442 [2007]). Accordingly, upon reargument, the Supreme Court properly adhered to its determination in the order dated January 13, 2011, granting the defendant's motion for summary judgment dismissing the complaint.

Under the circumstances of this case, the Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint (*see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.