■ NANCY BRENNAN, Appellant, v TOWN OF NORTH HEMPSTEAD, Defendant, and HELEN MISERENDINO, Respondent. [997 NYS2d 473]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered March 25, 2013, which granted the motion of the defendant Helen Miserendino for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a defect in a sidewalk abutting property owned by the defendant Helen Miserendino (hereinafter the defendant). Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). "However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698, 698 [2013]; *see Romano v Leger*,

72 AD3d 1059 [2010]). "In order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he [or she] will be liable to those who are injured" (*Conlon v Village of Pleasantville*, 146 AD2d 736, 737 [1989]; *see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908, 909 [2014]). Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that she did not create the condition, cause the defect to occur by some special use of the sidewalk, or breach a specific ordinance or statute which obligated her to maintain the sidewalk (*see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908 [2014]; *Romano v Leger*, 72 AD3d 1059 [2010]; *Biondi v County of Nassau*, 49 AD3d 580 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Although the various provisions of the Code of the Town of North Hempstead cited by the plaintiff require a landowner to maintain its abutting sidewalk in a reasonably safe condition, they do not specifically impose tort liability for a breach of that duty (*see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908 [2014]; *Romano v Leger*, 72 AD3d 1059 [2010]; *Conlon v Village of Pleasantville*, 146 AD2d 736 [1989]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.