■ CARSTINE SCOTT, Respondent, v AVALONBAY COMMUNITIES, INC., Defendant/Third-Party Plaintiff-Respondent-Appellant, and C.M. LAWN SERVICE, INC., Defendant/Third-Party Defendant-Appellant-Respondent. [4 NYS3d 243]—

In an action to recover damages for personal injuries, the defendant/third-party defendant C.M. Lawn Service, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated February 13, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and dismissing the third-party complaint, and the defendant Avalonbay Communities, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant/third-party defendant C.M. Lawn Service, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and dismissing the third-party complaint, and the motion of the defendant/third-party plaintiff Avalonbay Communities, Inc., for summary judgment dismissing the complaint insofar as asserted against it are granted.

" 'A property owner will be held liable for a slip-and-fall ac-

cident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence' " (*Haberman v Meyer*, 120 AD3d 1301, 1301 [2014], quoting *Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Cruz v Rampersad*, 110 AD3d 669, 669 [2013]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569, 569 [2007]). Thus, to establish its prima facie entitlement to judgment as a matter of law, a property owner defendant moving for summary judgment is required to establish, prima facie, that it neither created nor had actual or constructive notice of the dangerous condition that allegedly caused the plaintiff to fall (*see Haberman v Meyer*, 120 AD3d at 1301; *Sweeney v Doria*, 95 AD3d 1298, 1299 [2012]; *Simon v PABR Assoc., LLC*, 61 AD3d 663, 664 [2009]; *Aurilia v Empire Realty Assoc.*, 58 AD3d 773, 774 [2009]; *Olivieri v GM Realty Co., LLC*, 37 AD3d at 569). Here, the defendant/third-party plaintiff Avalonbay Communities, Inc. (hereinafter Avalonbay), established its prima facie entitlement to judgment as a matter of law by submitting the transcripts of the deposition testimony of Robert Pena, a maintenance supervisor, and Jason Fabbri, the snow removal contractor, which established, prima facie, that Avalonbay did not have actual or constructive notice for a sufficient length of time to discover and remedy the ice condition which allegedly caused the plaintiff to fall (*see Cruz v Rampersad*, 110 AD3d at 670; *see generally Heck v Regula*, 123 AD3d 665 [2014]; *Dhu v New York City Hous. Auth.*, 119 AD3d 728, 729 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted Avalonbay's motion for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court also should have granted the motion of the defendant/third-party defendant, C.M. Lawn Service, Inc. (hereinafter C.M.), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and dismissing the third-party complaint. "As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (*Diaz v Port Auth. of NY & NJ*, 120 AD3d 611, 611 [2014]; *see Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 810 [2013]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1103 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]). "However, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002]), the Court of Appeals recognized that exceptions to this rule apply (1) where the contracting party, in fail-

ing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) where the contracting party has entirely displaced another party's duty to maintain the subject premises safely" (*Diaz v Port Auth. of NY & NJ*, 120 AD3d at 611-612; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 140).

Here, the plaintiff alleged that C.M., which contracted to perform snow removal at the subject location, created the dangerous condition that caused her to slip and fall and, thus, launched a force or instrument of harm. In support of its motion, C.M. established, prima facie, that it did not create the allegedly dangerous condition which caused the plaintiff's fall (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 722 [2012]). In opposition to C.M.'s prima facie showing, the plaintiff and Avalonbay failed to raise a triable issue of fact as to whether C.M. created or exacerbated the alleged hazardous condition (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). The affidavit of the plaintiff's expert as to the origin of the hazardous condition was speculative and conclusory and, thus, insufficient to defeat a motion for summary judgment (*see Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]; *see also Romano v Village of Mamaroneck*, 100 AD3d 854, 855-856 [2012]; *McCord v Olympia & York Maiden Lane Co.*, 8 AD3d 634, 636 [2004]). Additionally, Pena's testimony was insufficient to raise a triable issue of fact as to whether the ice which allegedly caused the plaintiff to fall formed as a result of the melting and refreezing of a pile of snow plowed by C.M. Accordingly, the Supreme Court should have granted C.M.'s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and dismissing the third-party complaint. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.