■ ERIK KOELLING et al., Appellants, v CENTRAL GENERAL COMMUNITY SERVICES, INC., et al., Respondents. [18 NYS3d 95]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated September 5, 2013, as granted that branch of the motion of the defendant Renato Grella Contracting, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and granted the separate motion of the defendants Central General Community Services, Inc., North Shore Community Services at Plainview, Inc., and North Shore University Hospital at Plainview for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On January 12, 2011, the plaintiff Erik Koelling allegedly was injured when he slipped and fell on a patch of ice in the parking lot of the North Shore University Hospital at Plainview. Thereafter, he, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action against Central General Community Services, Inc., North Shore Community Services at Plainview, Inc., and North Shore University Hospital at Plainview (hereinafter collectively the hospital defendants). They subsequently amended the complaint to add as a defendant Renato Grella Contracting, Inc. (hereinafter RGC), the company hired by the hospital defendants to perform snow and ice removal services. The hospital defendants and RGC, among other things, filed cross claims against one another.

After certain depositions were conducted, the hospital defendants and RGC separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted the separate motions, and the plaintiffs appeal. We affirm.

"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (*Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Scott v Avalonbay Communities, Inc.*, 125 AD3d 839, 839-840 [2015]; *Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823 [2009]). Here, the hospital

defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that they did not create the alleged icy condition or have actual or constructive notice of it (*see Scott v Avalonbay Communities, Inc.*, 125 AD3d at 840; *Haberman v Meyer*, 120 AD3d 1301 [2014]; *Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d at 778; *Edwards v Mantis, LLC*, 106 AD3d 689, 690 [2013]; *Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d at 778). To the extent that the plaintiffs' expert opined that the hospital defendants created or had actual or constructive notice of the alleged condition, which was described by Joanne Koelling and a security guard, both of whom responded to Erik Koelling after he fell, as "black ice," the expert's affidavit was speculative and conclusory and insufficient to raise a triable issue of fact (*see Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d at 778; *Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]). Accordingly, the Supreme Court properly granted the hospital defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.

The Supreme Court also properly granted that branch of RGC's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. In general, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]; *Glover v John Tyler Enters., Inc.*, 123 AD3d 882, 882 [2014]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003 [2011]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]). Nonetheless, the Court of Appeals has recognized three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced another party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 138; *Glover v John Tyler Enters., Inc.*, 123 AD3d at 882).

Here, the plaintiffs alleged that RGC created the dangerous condition that caused the slip and fall and, thus, launched a force or instrument of harm. In support of its motion, however, RGC established, prima facie, that it did not create the allegedly dangerous condition which caused the fall (*see Scott v*

*Avalonbay Communities, Inc.*, 125 AD3d at 841; *Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 722 [2012]; *see generally Foster v Herbert Slepoy Corp.*, 76 AD3d at 213-214). In opposition to RGC's prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether RGC created or exacerbated the alleged hazardous condition (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Scott v Avalonbay Communities, Inc.*, 125 AD3d at 841). Again, the affidavit of the plaintiffs' expert as to the origin of the hazardous condition was speculative and conclusory and, thus, insufficient to defeat the motion for summary judgment (*see Scott v Avalonbay Communities, Inc.*, 125 AD3d at 841; *Reagan v Hartsdale Tenants Corp.*, 27 AD3d at 718). Accordingly, the Supreme Court properly awarded RGC summary judgment dismissing the amended complaint insofar as asserted against it. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.