In an action to recover damages for personal injuries, the defendant Denton Green Housing Company, Inc., appeals from an order of the Supreme Court, Nassau County (Peck, J.), dated July 23, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Denton Green Housing Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly was injured when she tripped and fell on a raised sidewalk flag in front of a building owned by the defendant Denton Green Housing Company, Inc. (hereinafter Denton Green), located in the defendant Town of North Hempstead. The plaintiff commenced this action to recover damages for her injuries against Denton Green and the Town. Denton Green moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, among other things, that it had no duty to maintain the sidewalk at issue and that the Code of the Town of North Hempstead did not impose tort liability on abutting landowners for personal injuries sustained by pedestrians as a result of defective conditions on the sidewalk. The Supreme Court denied the motion, and Denton Green appeals.
Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (see Brennan v Town of N. Hempstead, 122 AD3d 892, 892 [2014]; Staruch v 1328 Broadway Owners, LLC, 111 AD3d 698 [2013]). “ ‘However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates [him or her] to maintain the sidewalk’ ” (Brennan v Town of N. Hempstead, 122 AD3d at 892, quoting Staruch v 1328 Broadway Owners, LLC, 111 AD3d at 698; see Holmes v Town of Oyster Bay, 82 AD3d 1047 [2011]; Romano v Leger, 72 AD3d 1059 [2010]). “ ‘In order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the *1070 language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he [or she] will be liable to those who are injured’ ” (Brennan v Town of N. Hempstead, 122 AD3d at 893, quoting Conlon v Village of Pleasantville, 146 AD2d 736, 737 [1989]).
Here, Denton Green established its prima facie entitlement to judgment as a matter of law. The evidence submitted by Denton Green in support of its motion demonstrated that the Code of the Town of North Hempstead does not contain language imposing tort liability on abutting landowners for the breach of a duty to maintain sidewalks in a reasonably safe condition (see Code of Town of North Hempstead §§ 48-1— 48-15; Brennan v Town of N. Hempstead, 122 AD3d at 893; see also Patti v Town of N. Hempstead, 23 AD3d 362 [2005]; Bachman v Town of N. Hempstead, 245 AD2d 327 [1997]). Denton Green also established that it did not perform any repairs to the sidewalk or otherwise create the defective condition of the raised sidewalk flag. It further showed that it did not use the sidewalk for any special benefit or use (see D’Ambrosio v City of New York, 55 NY2d 454 [1982]; Rosales v City of New York, 221 AD2d 329 [1995]; Vought v Hemminger, 220 AD2d 580 [1995]).
In opposition, the plaintiff argued that Denton Green created the defective condition of the sidewalk by engaging in snow removal activities. This contention, however, is speculative and unsupported by the parties’ evidentiary submissions, which tended to demonstrate that the elevated condition of the sidewalk was created by an overgrowth of tree roots (see Bruno v City of New York, 36 AD3d 640 [2007]; Patti v Town of N. Hempstead, 23 AD3d 362 [2005]; Lodato v Town of Oyster Bay, 68 AD2d 904 [1979]). As a result, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Denton Green’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
The plaintiff’s remaining contention need not be reached in light of our determination.
Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.