■ NATIVIDAD ESCOBAR, Appellant, v LOWE PROPERTIES, LLC, Respondent. [43 NYS3d 119]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered October 8, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

After the plaintiff allegedly slipped and fell on an icy condition on a public sidewalk abutting the defendant's property, she commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that it was not liable for defective conditions on the public sidewalk and that it had not created

the icy condition. The Supreme Court granted the defendant's motion, and the plaintiff appeals.

An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (*see Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *Romano v Leger*, 72 AD3d 1059, 1059 [2010]). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by establishing that no statute or ordinance imposed upon it tort liability for failure to maintain the adjoining sidewalk, and that it did not create the alleged icy condition.

In opposition, the plaintiff failed to raise a triable issue of fact sufficient to defeat the defendant's motion (*see id.* at 324-325). The plaintiff's speculative and conclusory assertions that water emanating from a gutter pipe attached to the defendant's property was the cause of the icy condition were insufficient to raise a triable issue of fact (*see id.*; *Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d 734, 737 [2015]; *Scott v Avalonbay Communities, Inc.*, 125 AD3d 839, 841 [2015]; *Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 660 [2000]; *cf. Schmidt v DiPerno*, 25 AD3d 545, 546 [2006]; *Mondello v DiStefano*, 16 AD3d 637, 639 [2005]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.