Trombetta v G.P. Landscape Design, Inc. (2018 NY Slip Op 02353)





Trombetta v G.P. Landscape Design, Inc.


2018 NY Slip Op 02353


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2015-09162
 (Index No. 20262/10)

[*1]Concetta Trombetta, appellant, 
v
G.P. Landscape Design, Inc., respondent, et al., defendant.


Law Office of Dino J. Domina, P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated July 8, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant G.P. Landscape Design, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 27, 2010, the plaintiff, an employee of the defendant McDonald's Corporation (hereinafter McDonald's), allegedly was injured when she slipped and fell on ice on a sidewalk outside a McDonald's restaurant located in Medford. In June 2010, the plaintiff commenced this action to recover damages for personal injuries against McDonald's and the defendant G.P. Landscape Design, Inc. (hereinafter G.P.), a contractor hired to perform snow removal services for McDonald's. In her bill of particulars, the plaintiff alleged, among other things, that G.P. launched a force or instrument of harm in the performance of its snow removal services at the subject premises. In the order appealed from, the Supreme Court, inter alia, granted that branch of G.P.'s motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103). However, there are certain exceptions to this rule (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). As relevant here, a contractor may be liable in tort where it fails to exercise reasonable care in the performance of its duties, and thereby launches a force or instrument of harm (see id. at 140; Santos v Deanco Servs., Inc., 142 AD3d 137, 141; Repetto v Alblan Realty Corp., 97 AD3d 735, 736).
"A snow removal contractor cannot be held liable for personal injuries on the ground that the snow removal contractor's passive omissions constituted the launch of a force or instrument [*2]of harm, where there is no evidence that the passive conduct created or exacerbated a dangerous condition'" (Somekh v Valley Natl. Bank, 151 AD3d 783, 786, quoting Santos v Deanco Servs., Inc., 142 AD3d at 138). "[A] failure to apply salt would ordinarily neither create ice nor exacerbate an icy condition, as the absence of salt would merely prevent a preexisting ice condition from improving" (Santos v Deanco Servs., Inc., 142 AD3d at 143; see Somekh v Valley Natl. Bank, 151 AD3d at 786).
Here, G.P. established, prima facie, that it did not create or exacerbate the allegedly icy condition and, thus, launch a force or instrument of harm (see Koelling v Central Gen. Community Servs., Inc., 132 AD3d 734, 736; Conte v Servisair/Globeground, 63 AD3d 981, 981-982). In opposition, the plaintiff failed to raise a triable issue of fact through her contention that G.P. created or exacerbated the allegedly icy condition by failing to apply salt or sand. Even if G.P. failed to sand or salt the sidewalk where the plaintiff fell, the plaintiff has offered nothing more than speculation that the failure to perform that duty rendered the property less safe than it was before G.P. started its work (see Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811; Foster v Herbert Slepoy Corp., 76 AD3d 210, 215). The affidavit of the plaintiff's expert was speculative and, therefore, insufficient to raise a triable issue of fact (see Koelling v Central Gen. Community Servs., Inc., 132 AD3d at 737).
Accordingly, the Supreme Court properly granted that branch of G.P.'s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court