Bousquet v Water View Realty Corp. (2018 NY Slip Op 03119)





Bousquet v Water View Realty Corp.


2018 NY Slip Op 03119


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-04138
 (Index No. 600303/15)

[*1]Joyce Bousquet, appellant, 
v
Water View Realty Corp., respondent, et al., defendant (and a third-party action).


Cannon & Acosta, LLP, Huntington Station, NY (Marijane McQueeney of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered April 6, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Water View Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when she tripped and fell on an uneven condition on a sidewalk abutting property owned by the defendant Water View Realty Corp. (hereinafter Water View) in the Village of Freeport. The plaintiff commenced this action against Water View and the Village. Water View, inter alia, moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted that branch of the motion. The plaintiff appeals.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Brennan v Town of N. Hempstead, 122 AD3d 892). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Bachvarov v Lawrence Union Free Sch. Dist., 131 AD3d 1182; Peretz v Village of Great Neck Plaza, 130 AD3d 867, 868; Maya v Town of Hempstead, 127 AD3d 1146).
Here, Water View established, prima facie, that it did not create the alleged condition [*2]or cause the condition through a special use of the sidewalk. Additionally, although section § 180-2 of the Code of the Village of Freeport requires an abutting landowner to keep a sidewalk in good and safe repair, it does not specifically impose tort liability for a breach of that duty (see Obee v Ricotta, 140 AD3d 1134, 1135; Lahens v Town of Hempstead, 132 AD3d 954, 956; Brennan v Town of N. Hempstead, 122 AD3d at 893). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Water View created the alleged defect in the sidewalk. The plaintiff's expert's affidavit and report were conclusory and insufficient to raise a triable issue of fact (see Escobar v Lowe Props., LLC, 145 AD3d 665, 666; Koeling v Central Gen. Community Servs., Inc., 132 AD3d 734, 737). In light of the above determination, it is not necessary to address the parties' remaining contentions.
Accordingly, the Supreme Court property granted that branch of Water View's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court