Cayetano v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 07285)





Cayetano v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 07285


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-07854
 (Index No. 708589/14)

[*1]Sandra Cayetano, et al., respondents, 
v
Port Authority of New York and New Jersey, defendant, CTE Incorporated, etc., appellant.


Wood, Smith, Henning & Berman LLP, New York, NY (Nancy Quinn Koba, Eric R. Horvitz, and Eva Sullivan of counsel), for appellant.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant CTE Incorporated appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated June 5, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant CTE Incorporated for summary judgment dismissing the complaint insofar as asserted against it is granted.
On December 18, 2013, the plaintiffs, who were both employees of American Eagle Airlines, Inc. (hereinafter American), allegedly slipped and fell on ice that accumulated near Gate C5 at LaGuardia Airport. The plaintiffs commenced this action to recover damages for their injuries against, among others, the defendant CTE Incorporated (hereinafter CTE). At the time of the plaintiffs' accidents, CTE provided snow and ice removal to American pursuant to an "On-Call Services" agreement. After discovery, CTE moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and CTE appeals.
"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611, 611; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [internal quotation marks and citations omitted]).
Here, CTE demonstrated its prima facie entitlement to judgment as a matter of law by offering evidence that the plaintiffs were not parties to the on-call snow removal agreement and that it, therefore, owed them no duty of care (see Koslosky v Malmut, 149 AD3d 925, 926; Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811; Knox v Sodexho Am., LLC, 93 AD3d 642, 642; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d at 1104; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Since the pleadings did not allege facts that would establish the applicability of any of the Espinal exceptions (see Espinal v Melville Snow Contrs., 98 NY2d at 140), CTE was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Koslosky v Malmut, 149 AD3d at 926; Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811; Knox v Sodexho Am., LLC, 93 AD3d at 642; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d at 1104; Foster v Herbert Slepoy Corp., 76 AD3d at 214).
In opposition, the plaintiffs failed to raise a triable issue of fact, including as to whether the first or second Espinal exceptions is applicable (see Zuckerman v City of New York, 49 NY2d 557, 562). CTE's agreement required it to perform snow and ice removal only upon American's request. Snow fell on December 14, 2013, and December 15, 2013, and upon the specific request of American, CTE performed snow and ice removal on both of those dates. Snow fell again on December 17, 2013, and there was no evidence that CTE's services were again requested prior to the plaintiffs' respective accidents on December 18, 2013. Under these circumstances, the plaintiffs failed to raise a triable issue of fact as to whether CTE launched a force or instrument of harm by creating or exacerbating a dangerous condition (see Tamhane v Citibank, N.A., 61 AD3d 571, 573; DeVito v Harrison House Assoc., 41 AD3d 420, 421; Yannotti v Four Bros. Homes at Heartland Condominium I, 24 AD3d 659, 660). The plaintiffs' claim that the icy condition was caused by the thawing and refreezing of snow that CTE plowed three days prior to their accidents was speculative and, therefore, insufficient to raise a triable issue of fact (see Scott v Avalonbay Communities, Inc., 125 AD3d 839, 841; Reagan v Hartsdale Tenants Corp., 27 AD3d 716, 718). Additionally, the plaintiffs failed to raise a triable issue of fact as to whether they detrimentally relied on CTE's continued performance of its contractual duties (see Huttie v Central Parking Corp., 40 AD3d 704, 706; Bugiada v Iko, 274 AD2d 368, 369).
Accordingly, the Supreme Court should have granted CTE's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court