Mann v Zougras (2019 NY Slip Op 01068)





Mann v Zougras


2019 NY Slip Op 01068


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-03073
 (Index No. 100501/15)

[*1]Roselle Mann, appellant, 
v
Demetrius Zougras, et al., respondents (and a third-party action).


Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York, NY (Jill Savedoff and Mitchell Silbowitz of counsel), for appellant.
Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (Boris Bernstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated January 27, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and her son, Joseph Mann (hereinafter Joseph), rented a house owned by the defendants in Richmond County. The plaintiff asked the defendant Demetrius Zougras (hereinafter Zougras) whether he would like Joseph to remove snow from the property in exchange for pay. Zougras agreed to pay Joseph for his snow removal services. At the time of each snowfall, the plaintiff would contact Zougras by text to confirm whether he wanted Joseph to shovel. All communications about the snow shoveling work to be performed and the compensation to be paid was solely by text between the plaintiff and Zougras. On March 1, 2015, in anticipation of a snowfall, Zougras asked the plaintiff to purchase salt and confirmed that Joseph would shovel. Joseph purchased salt on March 2, 2015, and shoveled the paved walkway and sidewalk area of the property. He did not shovel the slate landing immediately outside of the front door of the property, as it was enclosed and covered by a roof overhang. After he finished shoveling, Joseph put salt on the paved walkway where he had shoveled. The plaintiff testified at her deposition that, when she left the property at approximately 8:30 a.m. on the following morning, she did not recall seeing any ice on the slate landing or paved walkway. The plaintiff further testified that, when she returned home approximately 15 minutes later, she observed for the first time some ice on the paved walkway abutting the slate landing. At approximately 10:30 a.m., the plaintiff fell as she stepped from the slate landing onto the paved walkway, sustaining injuries to her ankle.
The plaintiff commenced the instant action to recover damages for personal injuries, alleging that her accident was caused by the negligence of the defendants in their maintenance and operation of the property. The defendants interposed an answer and commenced a third-party action against Joseph seeking contribution and indemnification. Upon the completion of discovery, the defendants moved for summary judgment dismissing the complaint, arguing that they did not have actual or constructive notice of any defective condition on the property and that they did not breach [*2]a duty to the plaintiff that proximately caused her alleged injuries. The plaintiff opposed the motion. The Supreme Court granted the defendants' motion.
A property owner or a party in possession or control will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (see Crosthwaite v Acadia Realty Trust, 62 AD3d 823). In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the complaint, the plaintiff failed to raise a triable issue of fact as to whether the defendants created the alleged dangerous condition (see Scott v Avalonbay Communities, Inc., 125 AD3d 839), or had actual or constructive notice thereof (see Bader v River Edge at Hastings Owners Corp., 159 AD3d 780; Akhtar v Zucker, 50 AD3d 932).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court