Cikoja v Diebold, Inc. (2020 NY Slip Op 02455)





Cikoja v Diebold, Inc.


2020 NY Slip Op 02455


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-13084
 (Index No. 55742/16)

[*1]Nella Cikoja, appellant,
v
Diebold, Incorporated, respondent.


Morgan Levine Dolan, P.C., New York, NY (Joseph E. Gorczyca and Jeffrey L. Schulman of counsel), for appellant.
Connors & Connors, P.C., Staten Island, NY (Erik J. McKenna and Fred Cruz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 30, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries as she attempted to open the door of a portable vault during the course of her employment at a bank. The plaintiff commenced this action to recover damages for personal injuries against the defendant, which had an agreement with the plaintiff's employer to maintain the vault. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not owe the plaintiff a duty of care. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "However, there are three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm or creates or exacerbates a hazardous condition; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Hagan v City of New York, 166 AD3d 590, 592; see Espinal v Melville Snow Contrs., 98 NY2d at 140). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, in response to the allegations in the plaintiff's pleadings, that it did not owe a duty of care to the plaintiff, who was not a party to the limited service agreement between the defendant and the plaintiff's employer (see generally Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579), that it did not launch an instrument of harm (see generally Moch Co. v Rensselaer Water Co., 247 NY 160; Barone v Nickerson, 140 AD3d 1100, 1102), and that the plaintiff did not detrimentally rely on the continued performance of its duties (see Santos v Deanco Servs., Inc., 104 AD3d 933, 934; Huttie v Central Parking Corp., 40 AD3d 704, 706). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court